In the Matter of Pavilion Natural Gas Company, Petitioner, v Public Service Commission of the State of New York, Respondent.

Third Department, March 31, 1977

*Nixon, Hargrave, Devans & Doyle (William H. Kissel* of counsel), for petitioner.

*Peter H. Schiff (Charles R. Gibson* of counsel), for respondent.

Herlihy, J. On May 6, 1975 the petitioner filed an amendment to its tariff schedule designed to increase its operating revenues. In computing its operating expenses, it was disclosed that its chief executive officer was to receive a salary increase from the base year salary of $35,130 in 1974 to the sum of $40,000 as of January 1, 1976.

The respondent in computing the allowable operating expenses limited the proposed salary increase to $37,500 for purposes of ensuring a fair return (revenues). From the oral argument it would appear that the rate variance was infinitesimal.

The sole issue in this rate proceeding is the propriety of the disallowance of the additional $2,500.

The staff of the respondent recommended in these proceedings that the subject salary be reduced to $30,000; however, this was rejected by both the hearing examiner and the respondent. The record reveals that a staff witness, Mr. Prylo, testified that if the executive in question received $40,000 for a full-time job, he would have no objection to the salary.

However, because the executive in this case appears to have a controlling stock interest in the company and spends only 40% of his time on company business, it appears that he is overpaid.

Considering the public monopoly aspect of utilities, it seems apparent that the respondent is justified in scrutinizing salaries paid to stockholders in order to avoid situations where the salary would be unearned either wholly or partially with the result that it is effectively representing a dividend. Such a hidden dividend would result in more than a fair return on investment if the dividend is included in operating expenses. (See Comment, Utility Rates, Consumers, and the New York State Public Service Commission, 39 Albany L Rev 707, 720-724 for a discussion of the elements entering into establishing a rate.) The staff witness referred to above further testified that while the executive spends only 40% of his over-all time on the business of this utility, the executive does perform all the work which the company has for a chief executive. Furthermore, the record established that this utility was doing a business of about $4,000,000 per year and there being no dispute that the position of chief executive officer is a real office, the sum of $40,000 is not one patently large even if the duties only consume 40% of the employee's (officer's) time.

The respondent disallowed the sum of $2,500 upon the ground that the petitioner had failed to affirmatively establish that the salary was reasonable; however, the evidence in this record does demonstrate its reasonableness and, under such circumstances, the disallowance was arbitrary and capricious as being without any reasonable basis. A utility need not present any affirmative evidence in support of a proposed salary of an officer-owner *when* the record contains evidence submitted by the respondent's staff which supports the salary.

It is not the intent of this decision to hold that the commission does not have the authority to consider salaries as part of operating expenses in rate-making cases but that, under these circumstances, there was no sound or reasonable basis for its action and, therfore, that part of its decision is arbitrary and capricious.

The determination should be modified by annulling so much thereof as disallowed the salary item of $2,500, and, as so modified, confirmed, without costs.

KOREMAN, P. J., GREENBLOTT, SWEENEY and MAIN, JJ., concur.

Determination modified by annulling so much thereof as disallowed the salary item of $2,500, and, as so modified, confirmed, without costs.